# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

ANTONY LE,

    Debtor

_____

DONALD F. KING, TRUSTEE,

    Plaintiff,

v.

FANG-LING CHEN

and

FANG-LING NAILS & SPA, LLC

    Defendants

Case No. 16-12839-KHK
(Chapter 7)

Adv. Pro. No. 18-01055-KHK

## REPORT AND RECOMMENDATION

This matter comes before the Court on the Plaintiff's Motion for Default Judgment against Fang-Ling Chen and Fang-Ling Nails & Spa, LLC. (Docket No. 11). The Trustee filed the Complaint on May 9, 2018. (Docket No. 1). There being proper service of the Summons and Complaint and no Answer filed to the Complaint, the Court recommends that the Trustee's Motion for Default Judgment be granted, and that a money judgment be entered for the Plaintiff against Fang-Ling Chen, also known as Fangling Chen, and Fang-Ling Nails & Spa, LLC, jointly and severally in the amount of $58,231.00 plus interest on the principal amount of the Judgment to accrue post-judgment at the federal judgment rate provided in 28 U.S.C. § 1961.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the Order of Reference of the United States District Court for this District dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Court will enter a Report and Recommendation, and not a final order, pursuant to the District Court's opinion in McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari), No. 1:11 cv 1090, 2011 WL 5828013, at * 1 (E.D.Va. Nov. 18, 2011).

**The Trustee's Motion for Default Judgment**

According to the Complaint, the Debtor, Antony Le, filed a Chapter 7 petition on August 17, 2016. Complaint, ¶ at 3. On or before March 31, 2015, Fang-Ling Chen, Fang-Ling Nails & Spa, LLC and the Debtor entered into an agreement for the Debtor to sell all of the assets of the business known as "Fang-Ling Nails & Spa" to Fang-Ling Chen and Fang-Ling Nails & Spa, LLC for $43,000.00. Complaint at, ¶ 7. The $43,000.00 purchase price was paid by the execution and delivery of Fang-Ling Chen's Purchase Money Note dated March 31, 2015 to the Debtor. Complaint, ¶ at 8. A copy of the Purchase Money Note was attached as Exhibit A.

Pursuant to the agreement to purchase all of the Debtor's interests in the Business, on or before March 31, 2015, the Debtor executed and delivered the Debtor's Bill of Sale to Fang-Ling Chen and Fang-Ling Nails & Spa, LLC transferring all of the "assets, property, rights and interests of Fang-Ling Nails & Spa" to Fang-Ling Chen and Fang-Ling Nails & Spa, LLC. Complaint at, ¶9. Fang-Ling Chen and Fang-Ling Nails & Spa, LLC accepted the assets of the Fang- Ling Nails & Spa transferred by the Debtor pursuant to the Bill of Sale. Complaint, at ¶ 10. Pursuant to the Purchase Money Note, the Defendants were required to make monthly payments of $700.00 beginning May 15, 2015, until the maturity date of March 1, 2020. Complaint, at ¶11.

To date, the Plaintiff alleges that no payments have been made towards the payment obligations under the Purchase Money Note or the Bill of Sale despite demand. Complaint, at ¶12. Despite demand, Fang-Ling Chen failed to pay the amounts due to the Debtor under the Purchase Money Note. Complaint, ¶ at 20.

On May 9, 2018, the Plaintiff filed this adversary proceeding to recover the funds. On May 11, 2018, this Court issued a Summons and Notice of Pre-Trial Conference, which required the Defendants to file an Answer no later than 30 days from the date of service of the Summons. (Docket No. 3). The Summons and Complaint were properly served on the Defendants via first class mail on May 14, 2018, pursuant to Fed. R. Bankr. P. 7004(b)(1). (Docket No. 5). No answer was filed by the Defendants by the deadline of June 11, 2018. On June 26, 2018, the Plaintiff filed his Motion for Entry of Default against the Defendants. (Docket No. 6). On June 29, 2018, the Clerk entered default against Ms. Chen. (Docket No. 7). On June 29, 2018, the Clerk entered default against the LLC Defendant. (Docket No. 8). On August 2, 2018, the Plaintiff filed his Motion for Default Judgment Against Fang- Ling Chen and Fang-Ling Nails & Spa, LLC. (Docket No. 11).

The Court scheduled a hearing on the Plaintiff's Motion for Default Judgment for August 21, 2018. Notice of the hearing was served on the Defendants on August 2, 2018. (Docket No. 12). The Notice provided: "If you or your attorney do not file a written response and attend the hearing, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting the relief. *Id.* The Defendants did not file a response and failed to appear at the hearing. Pursuant to Bankruptcy Rule 7012 (a), "if a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the Summons, except when a different time is prescribed by the court." Fed. Bankr. P. 7012(a). The Court finds that the Summons was properly

served on the Defendants and the Defendants failed to file an Answer in accordance with Fed. R. Bankr. P. 7012. The Court further finds that the amount sought is for a sum certain.

Therefore, this Court recommends that the Plaintiff's Motions for Default Judgment be granted, and that a money judgment in the amount of $58,231.00 including the post-judgment interest at the federal judgment rate be entered for the Plaintiff.

## Conclusion

For the reasons stated above, the Court recommends the Plaintiff's Motion for Default Judgment be GRANTED, and that a money judgment in the amount of $58,231.00 be ENTERED for the Plaintiff against the Defendants. Interest on the principal amount of the Judgment will accrue post-judgment at the federal judgment rate provided in 28 U.S.C. 1961. The Defendants are notified that Bankruptcy Rule 9033(b) provides as follows:

> **Objections: Time for Filing. Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 14 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.**

Fed. R. Bankr. P. 9033(b).

Date: Nov 20 2018                             /s/ Klinette Kindred
                                              Klinette H. Kindred
                                              U. S. Bankruptcy Judge

                                              Entered on Docket: November 21, 2018

Copies to:

Alexander M. Laughlin
Odin Feldman & Pittleman, P.C.
1775 Wiehle Avenue
Suite 400
Reston, VA 20190
*Counsel for Plaintiff*

Fang-Ling Chen,
3246 Norfolk Lane
Falls Church, VA 22042-3639
*Defendant*

Fang-Ling Chen, Managing Member
Fang-Ling Nails & Spa, LLC
120 East Main Street, Suite A
Leesburg, VA 20176
*Defendant*